IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                 No. CR 11-2425 JB

ANDREW OTERO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Request for Downward Variance, filed June 19, 2012 (Doc. 26)("Sentencing Memorandum"). The Court held a sentencing hearing on July 5, 2012. The primary issue is whether the Court should vary downward and sentence Defendant Andrew Otero to time served. The Court will grant in part and deny in part the request for a downward variance contained in the Sentencing Memorandum. The Court will vary downward, although not as far as Otero would like, and will sentence Otero to 277-days imprisonment.

## FACTUAL BACKGROUND

Otero is twenty-nine years old and graduated from Los Lunas High School in Los Lunas, New Mexico in 2001. See Presentence Investigation Report ¶¶ 50, 65, at 11, 14 (disclosed April 27, 2012)("PSR"). Otero's father was physically abusive to the entire family, and drug use is how Otero deals with the emotions associated with that abuse. See PSR ¶ 53, at 11-12. Otero states that he feels his life came second to his father's needs and that his relationship with his parents is strained. See PSR ¶ 52, at 11. Otero has a nine-year old son, Tristan, and he shares custody of Tristan with

Tristan's mother, Erin Stevenson.  See PSR ¶ 55, at 12.  Otero is presently engaged to Josephine Aguilar.  See PSR ¶ 56, at 12.  He works for his father in the plumbing, heating, and cooling industry under his father's license.  See PSR ¶ 66, at 14.

Otero has been convicted previously of several crimes.  In May 2008, he was convicted of possession of methamphetamine and heroin -- a felony, for which he was sentenced to eighteen months incarceration on each count.  See PSR ¶ 36, at 7.  His sentence was suspended, and he was placed on supervised probation.  See PSR ¶ 36, at 7.  In August 2008, Otero was convicted of possession of a controlled substance (heroin) -- a felony, for which he was sentenced to three years of supervised probation.  See PSR ¶ 37, at 8.  In January 2009, he was convicted of shoplifting (under $250) and sentenced to thirty-one-days incarceration.  See PSR ¶ 38, at 8.

After a tip from a confidential informant that "Andrew" possessed a stolen firearm and methamphetamine, agents from the United States Bureau of Alcohol, Tobacco, Firearms and Enforcement contacted the Albuquerque Police Department, who arrested Otero on an outstanding felony warrant for Failure to Comply with Conditions of Probation.  PSR ¶¶ 8-11, at 3-4.  Otero informed the officers that he had methamphetamine in his truck.  See PSR ¶ 11, at 4.  Officers recovered a stolen Dodge truck and a search of Otero's GMC Sonoma truck revealed a Ruger, Model LCR, .38 special +p caliber revolver, serial number 540-32996, and five rounds of PMC brand .38 special claiber ammunition.  See PSR ¶¶ 13, 16, at 4-5.  The search of the truck also revealed several credit cards and driver's licenses for individuals other than Otero.  See PSR ¶ 16, at 5.  When officers ran a criminal history query, it revealed that Otero had two felony convictions. See PSR ¶ 15, at 4.

## PROCEDURAL BACKGROUND

On September 14, 2011, a federal grand jury charged Otero with a violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2), that being a felon in possession of a firearm -- a Ruger, model LCR, .38 special +p caliber revolver, serial number 540-32996, and approximately five PMC brand .38 special caliber cartridges.  See Redacted Indictment, filed September 14, 2011 (Doc. 4).  On February 23, 2012, Otero pled guilty to the Indictment.  See Plea Agreement ¶ 3, at 2, filed February 23, 2012 (Doc. 20).  Plaintiff United States of America stated that it would not oppose a sentence at the low end of the applicable guideline range.  See Plea Agreement ¶ 5, at 3.  The parties stipulate that Otero has demonstrated acceptance of responsibility and is entitled, pursuant to U.S.S.G. § 3E1.1, to a 3-level reduction for acceptance of responsibility.  See Plea Agreement ¶ 10(a), at 4.  Otero also waives his right to appeal his conviction and any sentence and fine within or below the applicable guideline range.  See Plea Agreement ¶ 19, at 8.

On April 27, 2012, the United States Probation Office ("USPO") disclosed the PSR for Otero.  The USPO calculates a base offense level of 14, pursuant to U.S.S.G. § 2K2.1, based on Otero being a felon in possession of a firearm and ammunition.  See PSR ¶ 23, at 6.  The PSR then applies a 2-level reduction, pursuant to U.S.S.G. § 3E1.1, based on acceptance of responsibility.  See PSR ¶ 32, at 6.  The USPO calculates a total offense level of 12.  See PSR ¶ 33, at 6.  The PSR calculates a criminal history of III, based on 5 criminal history points.  See PSR ¶ 41, at 9.  A total offense level of 12 and a criminal history category of III, establishes a guideline imprisonment range of 15 to 21 months.  See PSR ¶ 73, at 16.

On June 19, 2012, Otero filed his Sentencing Memorandum.  See Doc. 26.  Otero asks that the Court vary downward to a time-served sentence, or 195 days.  See Sentencing Memorandum at 1.  Otero recounts his family history, including his father's abuse and his relationship with his son.  See Sentencing Memorandum at 2-3.  He also notes that Stevenson has filed a motion for sole custody of his son and a hearing has been set for September 12, 2012. See Sentencing Memorandum

at 3.  He further asserts that fifteen letters have been submitted to the Court in support of his character.  See Sentencing Memorandum at 5-10.  He contends that he only possessed the gun as "a kind of macho thing," and that this incarceration is the longest period of separation between himself and his son.  Sentencing Memorandum at 10.  Otero emphasizes that, while in custody, he has taken classes on stress management and drug awareness.  See Sentencing Memorandum at 11.  He argues that the ten months he has already spent in custody are sufficient punishment, since he has never before spent more than 31 days in jail.  See Sentencing Memorandum at 11.  He asserts that he did not engage in violent activity and that drug treatment, rather than prison time, will be sufficient to protect the public.  See Sentencing Memorandum at 11.  Otero notes that parental incarceration contributes to higher rates of delinquency among their children and that he has spent four months in state custody, for which he will not receive credit.  See Sentencing Memorandum at 12.

On June 25, 2012, the United States filed the United States' Response to Defendant's Sentencing Memorandum.  See Doc. 29 ("Response").  The United States asserts that it does not oppose a low-end guideline sentence.  See Response at 2.  It argues that Otero's request for a sentence which is less than fifty percent of the low end of the guideline range is inappropriate and contends that he was not prosecuted on charges of possession of a stolen vehicle, stolen credit cards, and illegal narcotics.  See Response at 6.  The United States contends that Otero's "prior entanglements with the criminal justice system do not appear to have made an impression" and the punishments he received were "insufficient to deter him from continued criminal activity."  Response at 6.  It asserts that a within-guidelines sentence is more appropriate.  See Response at 7.

The Court held a sentencing hearing on July 5, 2012.  Otero's attorney, Todd Farkas, began his remarks stating that, in thirty years of practice, he had never received fifteen letters written in

support of a defendant.  See Transcript of Hearing at 5:18-21 (July 5, 2012)(Farkas)("Tr.").[1]  Otero

asserted that, although he was arrested on August 8, 2011, he was not turned over to the United

States Marshal's custody until December 9, 2011, and that he will not receive credit for the four

months spent in state custody.  See Tr. at 5:24-6:5 (Farkas).  He noted that he has now been in

custody for eleven months.  See Tr. at 6:5-8 (Farkas).  He argued that this period is the longest he

has been away from his son and that his time in custody has been a wake-up call.  See Tr. at 6:22-7:2

(Farkas).  Otero asked that the Court sentence him to time served and to send him to a halfway house

for up to six months.  See Tr. at 7:2-4 (Farkas).  He emphasized that, if the Court sentences him in

the guideline range, he is going to be further separated from his son, because he will miss the

September 12, 2012 hearing on Stevenson's motion for sole custody of Tristan.  See Tr. at 7:23-8:7

(Farkas).  Otero then spoke on his own behalf, emphasizing that, as of August 8, 2012, he will have

been in jail for a year and that he misses his son.  See Tr. at 9:9-18 (Otero).

     The United States asserted that it was sympathetic to Otero's circumstances, but that it

appears he has a drug problem which he has not sufficiently addressed.  See Tr. at 9:23-10:2

(Stanford).  It asserted that it was mindful that addiction is a disease, but that Otero possessed a gun.

See Tr. at 10:2-6 (Stanford).  It emphasized that it does not relish him losing custody of his son, but

that the Court needs to take measures to ensure that Otero has the help he needs to overcome his

drug habit.  See Tr. at 10:9-15 (Stanford).  Otero emphasized that he does not have an attorney with

respect to his custody case and that he needs to be physically present.  See Tr. at 11:6-11 (Court,

Farkas).

---

[1]The Court's citations to the transcript are to the Court Reporter's original, unedited version. Any final version may contain slightly different line or page numbers.

## ANALYSIS

The Court has reviewed the PSR's factual findings and sentencing calculations, and, there being no objections, the Court will adopt them as its own. The Court has considered the application of the 18 U.S.C. § 3553(a) factors and will vary downward on Otero's sentence. The Court will not, however, vary to a time-served sentence. The Court will sentence Otero to 277-days imprisonment.

Otero's offense level is 12 and his criminal history category is II, establishing a guideline imprisonment range of 15 to 21 months. The Court notes that Otero possessed a firearm and ammunition, after previously being convicted of a felony. The Court has carefully considered the parties' arguments and the circumstances of this case. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. On the one hand, the Court agrees with Otero that the sentencing range which the guidelines set forth is not appropriate for his offense. On the other hand, the Court agrees with the United States that a time-served sentence, or 195 days, is not appropriate, because such a sentence would be less than fifty percent of a sentence at the low end of the guidelines. The Court is always concerned about sending a wrong signal to a defendant through a time-served sentence, and releasing the defendant when he or she sees the judge; the Court is concerned that such an event does not emphasize the seriousness of the offense, promote respect for the law, and deter future crime. The letters that the Court has received reveal that Otero has some support structures in place to help him succeed, and the Court believes it is important to build on those structures, rather than to use a longer period of incarceration to punish Otero. The Court is particularly concerned about a longer period of incarceration damaging Otero's relationship with his son.

Otero has a custody hearing on September 12, 2012. The Court will structure its sentence so that Otero is released in time to attend that hearing. The Court will sentence Otero to 277-days

incarceration, which means that, if he serves every day of incarceration he will be released on September 10, 2012.[2] This sentence is a little less than a year and a day with the time he has served, in state and federal custody. This sentence is approximately nine and a quarter months. The Court believes that this sentence reflects the seriousness of the offense, although the Court does not emphasize that factor. The Court agrees with the United States that this offense was a serious one, because it involved a gun, but the Court finds that this sentence is adequate to promote respect for the law. The Court notes that Otero also spent approximately four months in state custody before being transferred to the Marshal's custody. That puts Otero's total time in state and federal custody at over thirteen months, less than two months below the bottom of the guideline range. This sentence will represent the longest period that Otero has spent in custody, as he has never served more than thirty-one days in jail before this sentence. This offense also represents Otero's first brush with the federal authorities, and the Court believes that the experience will leave an impression on him. The Court finds that this sentence provides a more just punishment, because it ensures that he will make it to the custody hearing and that the Court's sentence does not automatically result in a loss of custody. Studies for the state prison system in the southern part of the state show that father's who stay in contact with their children while they are in custody have a lower recidivism rate. See R. Romo, "Prison Program Will Expand, Father Helped in Southern Facility," Albuquerque Journal, at B3 (July 7, 2004)("When fathers who are incarcerated are connected to their children and their families, the inmates' chances of coming back [to prison] decrease."). The best shot that the Court may have to rehabilitate Otero, and keep him on the

---

[2]Because Otero's sentence will be less than twelve months and one day, he will not receive good-time credit. See 18 U.S.C. § 3624(b)(1) (noting that "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year").

straight and narrow, may be to keep his relationship with his son intact, and then put him in a position to support his son. If Otero has something to live and work for, he may not self-medicate and live a life of crime; a steady relationship may also keep his son from repeating this incarceration cycle. Furthermore, the Court concludes that this sentence will allow Otero to build upon the structure that the letters he provided to the Court revealed he has in place. From all accounts, Otero had a difficult childhood and is a hard worker. The Court finds that this sentence will afford adequate deterrence at a specific and general level. The Court recognizes that Otero has some criminal history, but those offenses stem from his drug addiction. The Court is concerned about avoiding unwarranted sentencing disparities among those with similar records who have been found guilty of similar conduct, but the Court concludes that the circumstances of this case justify the variance. In reaching this sentence, the Court emphasizes that supervised release will provide Otero with some needed education, training, and care to deal with his addiction; the full support of the USPO is the best shot Otero has to beat his drug addiction.

The Court believes that this sentence fully and effectively reflects each of the 18 U.S.C. § 3553(a) factors. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences

Otero to 277-days imprisonment.

 **IT IS ORDERED** that the request for a downward variance in the Defendant's Sentencing

Memorandum and Request for Downward Variance, filed June 19, 2012 (Doc. 26), is granted in part

and denied in part.  The Court will vary downward on Defendant Andrew Otero's sentence, but will

deny his request for a time-served sentence.  The Court will sentence him to 277-days imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Jon K. Stanford
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Todd E. Farkas
Davis Miles McGuire Gardner, PLLC
Albuquerque, New Mexico

 *Attorneys for the Defendant*