# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Andrew Otero** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR02425-001JB** |
| | USM Number: **64531-051** |
| | Defense Attorney: **Todd Farkas, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1) | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. Sec. 924(a)(2) | 08/08/2011 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 5, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 22, 2012**
Date Signed

Defendant: **Andrew Otero**
Case Number: **1:11CR02425-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **276 days**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed August 21, 2012 (Doc. 31)("MOO"). On September 14, 2011, a federal grand jury charged Defendant Andrew Otero with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being a felon in possession of a firearm -- a Ruger, model LCR, .38 special +p caliber revolver, serial number 540-32996, and approximately five PMC brand .38 special caliber cartridges. See Redacted Indictment, filed September 14, 2011 (Doc. 4). On February 23, 2012, Otero pled guilty to the Indictment. See Plea Agreement ¶ 3, at 2, filed February 23, 2012 (Doc. 20). Plaintiff United States of America stated that it would not oppose a sentence at the low end of the applicable guideline range. See Plea Agreement ¶ 5, at 3. The parties stipulate that Otero has demonstrated acceptance of responsibility and is entitled, pursuant to U.S.S.G. § 3E1.1, to a 3-level reduction for acceptance of responsibility. See Plea Agreement ¶ 10(a), at 4. Otero also waives his right to appeal his conviction, and any sentence and fine within or below the applicable guideline range. See Plea Agreement ¶ 19, at 8.**

**On April 27, 2012, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Otero. The USPO calculates a base offense level of 14, pursuant to U.S.S.G. § 2K2.1, based on Otero being a felon in possession of a firearm and ammunition. See PSR ¶ 23, at 6. The PSR then applies a 2-level reduction, pursuant to U.S.S.G. § 3E1.1, based on acceptance of responsibility. See PSR ¶ 32, at 6. The USPO calculates a total offense level of 12. See PSR ¶ 33, at 6. The PSR calculates a criminal history of III, based on 5 criminal history points. See PSR ¶ 41, at 9. A total offense level of 12 and a criminal history category of III, establishes a guideline imprisonment range of 15 to 21 months. See PSR ¶ 73, at 16.**

**Otero moves the Court for a time-served sentence, or a 195-day sentence. The United States asks the Court for a guideline sentence. Otero`s offense level is 12 and his criminal history category is III, establishing a guideline imprisonment range of 15 to 21 months. There being no objections, the Court adopts the PSR`s factual findings and guideline calculations as its own.**

**Otero`s offense level is 12 and his criminal history category is III, establishing a guideline imprisonment range of 15 to 21 months. The Court notes that Otero possessed a firearm and ammunition, after previously being convicted of a felony. The Court has carefully considered the parties` arguments and the circumstances of this case. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. On the one hand, the Court agrees with Otero that the sentencing range which the guidelines set forth is not appropriate for his offense. On the other hand, the Court agrees with the United States that a time-served sentence, or 195 days, is not appropriate, because such a sentence would be less than fifty percent of a sentence at the low end of the guidelines. The Court is always concerned about sending a wrong signal to a defendant through a time-served sentence, and releasing the defendant when he or she sees the judge; the Court is concerned that such an event does not emphasize the seriousness of the offense, promote respect for the law, and deter future crime. The letters that the Court has received reveal that Otero has some support structures in place to help him succeed, and the Court believes it is important to build on those structures, rather than to use a longer period of incarceration to punish Otero. The Court is particularly concerned about a longer period of incarceration damaging Otero`s relationship with his son.**

**Otero has a custody hearing on September 12, 2012. The Court will structure its sentence so that Otero is released in time to attend that hearing. The Court will sentence Otero to 276-days incarceration, which means that, if he serves every day of incarceration, he will be released on approximately September 10, 2012, so that he may prepare for and attend a child custody hearing. (This estimated release date is based on the Court`s calculations of when Otero is likely to be released. The Bureau of Prisons may calculate a different date.) This sentence is a little less than a year and a day with the time he has served, in state and federal custody. This sentence is approximately nine and a quarter months. The Court believes that this sentence reflects the seriousness of the offense, although the Court does not emphasize that factor. The Court agrees with the United States that this offense was a serious one, because it involved a gun, but the Court finds that this sentence is adequate to promote respect for the law. The Court notes that Otero also spent approximately four months in state custody before being transferred to the Marshal`s custody. That puts Otero`s total time in state and federal custody at over thirteen months, less than two months below the bottom of the guideline range. This sentence will represent the longest period that Otero has spent in custody, as he has never served more than thirty-one days in jail before this sentence. This offense also represents Otero`s first brush with the federal authorities, and the Court believes that the experience will leave an impression on him. The Court finds that this sentence provides a more just punishment, because it ensures that he will make it to the custody hearing and that the Court`s sentence does not automatically**

result in a loss of custody. Studies for the state prison system in the southern part of the state show that father`s who stay in contact with their children while they are in custody have a lower recidivism rate. See R. Romo, "Prison Program Will Expand, Father Helped in Southern Facility," Albuquerque Journal, at B3 (July 7, 2004)("When fathers who are incarcerated are connected to their children and their families, the inmates` chances of coming back [to prison] decrease."). The best shot that the Court may have to rehabilitate Otero, and keep him on the straight and narrow, may be to keep his relationship with his son intact, and then put him in a position to support his son. If Otero has something to live and work for, he may not self-medicate and live a life of crime; a steady relationship may also keep his son from repeating this incarceration cycle. Furthermore, the Court concludes that this sentence will allow Otero to build upon the structure that the letters he provided to the Court revealed he has in place. From all accounts, Otero had a difficult childhood and is a hard worker. The Court finds that this sentence will afford adequate deterrence at a specific and general level. The Court recognizes that Otero has some criminal history, but those offenses stem from his drug addiction. The Court is concerned about avoiding unwarranted sentencing disparities among those with similar records who have been found guilty of similar conduct, but the Court concludes that the circumstances of this case justify the variance. In reaching this sentence, the Court emphasizes that supervised release will provide Otero with some needed education, training, and care to deal with his addiction; the full support of the USPO is the best shot Otero has to beat his drug addiction.

The Court believes that this sentence fully and effectively reflects each of the 18 U.S.C. § 3553(a) factors. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Otero to 267-days imprisonment.

☐　　The court makes the following recommendations to the Bureau of Prisons:


☒　　The defendant is remanded to the custody of the United States Marshal.
☐　　The defendant shall surrender to the United States Marshal for this district:
　　　☐　　at  on
　　　☐　　as notified by the United States Marshal.
☐　　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　　☐　　before 2 p.m. on
　　　☐　　as notified by the United States Marshal
　　　☐　　as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Andrew Otero**
Case Number: **1:11CR02425-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Andrew Otero**
Case Number: **1:11CR02425-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics and firearms at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must refrain from the use and possession of synthetic cannabinoids or other legally sold designer drugs.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

Defendant: **Andrew Otero**
Case Number: **1:11CR02425-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒  In full immediately; or

B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest in the firearm and ammunition as outlined in the Plea Agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.